GORDON, RESPONDENT VS. SCOTT & MUDGE, APPELLANTS.

1. If a party, who appeals from the judgment of a justice of the peace in St. Louis county, fails to pay the clerk the jury fee, as required by the act of 29th January, 1847, the court may, upon the appellees filing a proper transcript and paying the fee, affirm the judgment of the justice. 13 Mo. Rep. 226-7.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

Gordon sued Scott & Mudge before justice Hull, on an account for rent. The case was tried by a jury and resulted in a verdict in favor of Gordon, upon which the justice rendered a judgment in favor of Gordon on the 16th of March, 1850. On the 25th of the same month Scott & Mudge applied for an appeal and gave bond and made affidavit in due form of law. This was more than ten days before the first of the April Term of the St. Louis circuit court for 1850,

No transcript of the proceedings before the justice was filed in said circuit court prior to the first day of the April Term of said court for the year 1851, more than a year after said appeal was taken. On the second day of said last mentioned term, Gordon, himself, filed such transcript and asked and obtained an affirmance of the judgment of the justice, and also a further judgment, that Gordon recover of Scott & Mudge and also of the security in the appeal bond, the debt, costs &c. No notice was given by Gordon to Scott & Mudge of his said motion. On the 28th of May of the same year, Scott & Mudge moved to set aside said judgment of affirmance &c.; and in support of said motion, and as the ground thereof, an affidavit, made by the defendant's attorney was filed, which affidavit states the fact, the time of the verdict and judgment before the justice and of the giving of the bond and of the taking of the appeal as above mentioned. The appellant further states, that, at the April Term 1850, of said circuit court, the attorney searched for the return of said justice in the files of said court, and in the records, but no such papers or return was filed. Failing to find said papers or return, in said court, the affiant left with the court clerk, during said April Term 1850, the jury fee in the case, but towards the close of said term, the clerk returned said money, no such papers being on file. At the November Term 1850, the affiant still further examined the files and returns in said court, but could not find any such papers or returns as those in this case. At the first day of the April Term 1851, the affiant still further examined the justice's returns in appeal cases and found no such case as this. Affiant made no further examination. Afterwards, on the 22d of April, 1851, the plaintiff, Gordon, brought the return of said justice into said court without the knowledge of affiant, and without any notice to the defendants as affiant was informed and caused and procured the court to affirm the judgment in a return made on the 16th of April, 1851, more than one year after said appeal was taken; that the affiant is informed and beleives it to be true, that the defendants have a good and substantial defence upon the merits of said case, and that execution was then issued, on said judgment.

There was nothing further presented in support of the motion to set aside. The court overruled the motion, to which the appellants duly excepted, and duly appealed to this coutt.

Gordon vs. Scott & Mudge.

HILL, for appellants, relies on the following points :

I. The appeal in this cause was *duly perfected* according to law, and *allowed by the justice*, and by the 12th section of the act p. 669, Rev. Code 1845, the justice *"shall file* in the office of the clerk of the court, a transcript of all the entries made in his docket, relating to the case, together with all the process and other papers relating to the suit and filed with the justice, on or before the first day of the next term."

By section 13 of said act, page 669 Rev. Code, it is enacted, that "upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the justice."

By section 23rd of said act, page 671, it is provided: "If the judgment of the justice be affirmed, or if on a trial anew in the circuit court, the judgment be against the appellant, such judgment shall be against him and his securities."

By section 3rd of an act to promote the payment of jurors in St. Louis county, laws of 1847, page 69, it is provided, that "on the filing of any appeal from a justice of the peace, the clerk shall receive from the appellant, one dollar, as a jury fee, to be taxed in the bill of costs and abide the event of the suit."

There is no penalty fixed to the failure of any party to pay the jury fee. By the 9th section of the jury act of 1847, page 70, it is made the duty of the officers, "to collect at the time of the rendition of the service, all such fees as are by law payable to them in advance, or at the time of service." If a party then, presents a paper to be filed, on which a jury fee is payable, the clerk has no other course to take than to refuse to file it, until the fee is paid.

II. In case of appeal, the justice is to file the original papers and transcript himself in the clerk's office, on or before the first day of the term. It is the clerk's duty to receive them from the justice, and file them only when the jury fee is paid; and he has no authority, under the 9th section, to file the papers until the payment of the fee.

III. There is no authority in the statute for any one but the justice, if he be living, to file the papers in the suit and the return. The statute is mendatory, that the justice shall do it. Rev. Code, sec. 12, pages 669–70. The papers are originals, and upon an appeal allowed, became part of the record of the appellate court and the justice is, by law, the only party entitled to the custody of the record in its transmission from his court to the appellate court.

IV. The whole spirit of the justices' act concerning appeals, is to enable the appellate court to hold jurisdiction of the appeal for a trial on the merits, without regarding any error, defect or imperfection in the proceedings before the justice. See secs. 13, 16, 17, 22, pages 670–71, Rev. Code, 1845. The cases of Serr vs. Bobst, 8 Mo. 506; Jones vs. Davis, 4 Mo. 28; Atwood vs. Reyburn, 5 Mo. 533, show that formerly this court declared the law to be in accordance with the spirit of said act.

V. The question in this branch of the case, is, whether the appellee can, on failure of the justice to perform his duty, by returning the appeal, file the papers and return and pay the jury fee and take a judgment, eo instanti, without notice and without trial.

The jury act does not authorize it, nor does the justices' act, by any construction, contemplate such a proceeding. It is in derrogation of the principles of the common law, that each party shall have his day in court; and in express violation of the 13th sec. of the justices' act and the constitutional right of trial by jury.

1. In Turner vs. Northcut and McCarty, 9 Mo. Rep. 251, 256, it was decided, after full argument and elaborate examination, that "when an appeal is taken by either party, its effect is not only to suspend, but to destroy the effect of a judgment of a justice; it makes it as though no judgment had been rendered."

When the appeal is dismissed, then the judgment of the justice may be enforced by an express provision in the statute; but how can there be an affirmance of the judgment of the justice, when the appeal is regularly taken and perfected, except as to the payment of the jury fee and the appellant has had no delay in court.

Gordon vs. Scott & Mudge.

2. In the case of Corl vs. Pratt and Calbaune, 9 Mo. R. 163, it was decided, upon a full hearing and examination, that it was error, on an appeal, in an action upon an account, where the defendants failed to appear, at the calling of the cause, for the court to give judgment for the plaintiff, without calling a jury to assess the damages.

3. The appellant is the party required to pay the jury fee; and, until it is done, there can be no filing of the papers. There is no authority in the statute, for the appellee to come in the place of the appellant, and pay the jury fee and file the transcript. The appellee has no authority to prosecute the appeal; and, until it is regularly in court, no prosecution of the appeal can be made. The law appoints the justice, and him only, to perform the duty of returning the papers into the appellate court, and then the appellant must pay the jury fee, or the appellee may move the court for a procedendo, or to dismiss the appeal. The appellee cannot prosecute the appeal so far as to pay the jury fee, any more than he could do any other act for the appellant, in the taking of the appeal.

VI. Before the payment of the jury fee, the case is not in the appellate court. The appeal, from the bond, to the payment of the jury fee, is made by the appellant on ex-parte proceedings, in which the appellee can take no part. By what authority does this appellee take part in those proceedings, without any authority in law to do so? And when the appellee has paid the jury fee, and thus illegally brought the case into court, by what rule can he be permitted to affirm the judgment? If the judgment is affirmed, because the jury fee is not paid and the appeal not perfected by appellant, the affirmance is erroneous; for the failure of the appellant to prosecute the appeal and perfect it, is only cause for a procedendo, on the judgment below, or a dismissal of the appeal and an order for execution. It cannot be pretended, that the act of the appellee, in prosecuting the appellant's appeal, would authorize an affirmance of the judgment, for if the appellee is authorized to pay the jury fee, and pays it, the appeal is thereby perfected, and it must be docketed on the trial docket, according to the 1st section of the act of 1847, page 68, with the other appeal cases; and must be called for trial, in its order on the docket, to be heard, tried and determined on the merits.

VII. The case of Hardison vs. the steamboat Cumberland Valley, 1st part, 13th vol. Mo. R. 230, decides that the appellee may move the court to affirm the judgment of the justice in an action on an open account, upon the 23rd section of article 8 of justices' act, and the 3rd section of the jury act of 1847, above recited. It is respectfully submitted, that the case referred to is not warranted by the previous decisions of this court; and that it is in direct conflict with the provisions of the 8th article of the justices' act, and the 42nd section of the 3rd article of the title "Practice at Law." The main error in Hardison's case, is that it decides it to be lawful for the appellee to perfect the appeal, and at the same instant take an affirmance of the judgment, because the appeal had not been perfected by the appellant. So far as the appellee is concerned, he cannot perfect the appeal. It is for the appellant to do so, or not, at his option. He canno be compelled to prosecute it, and no one can do so for him, except by his authority; and until the appellant perfects the appeal, there is no case in the appellate court, and no steps can regularly be taken on the appeal, for there is none, and the supersedeas of execution could readily be set aside, on a motion for a procedendo, and the judgment of the court below would be enforced.

1. There is no authority in either of the sections of the statutes referred to, in the opinion of the court, to support the 13th section of article 8th of justices' act; and the 42nd section of 3rd article, entitled "Practice at Law," are directly in conflict with it. The counsel for Hardison misled the court, by arguing the case upon other and different ground, thus tacitly admitting the power of the court of common pleas to affirm the judgment.

2. The 23rd section of 8th article concerning justices courts, merely declares, that any judgment, either by affirmance or on trial, if against the appellant, shall be against him and his securities. This is merely declaratory of the effect of a judgment against the appellant in the circuit court. It does not show for what cause a judgment may be affirmed, nor authorize an affirmance for non payment of the jury fee. The 3rd section of the jury act, laws of 1847, merely requires the clerks to collect a jury fee, before filing the justices' return. How these two sections can authorize the court to affirm a judgment, it is impossible to see. The 12th section of justices' act 8th article and the 3rd and 9th sections of jury act of 1847, are in conflict; the first requiring the

Gordon vs. Scott & Mudge.

justice to file the return, and the sections of the jury act, requiring the clerk to collect the jury fee of the appellant, before filing. This does not aid the decision in Hardison's case in any respect, and the 13th section of justices' act, article 8th, requires the court to hear, try and determine the cause anew upon the return of the justice being filed.

3. The whole tenor and spirit of the act on appeals, is, to require the court to try the cause anew, if the return is filed. It may be regarded as a settled proposition under our statute, that if the appellant court obtains jurisdiction of an appeal, so as to authorize a judgment, after the appeal is perfected, a trial must be had, according to the ordinary course of practice at law in courts of record. There are no issues to make, but the cause must be docketed for trial, and the parties must have their day in court. In the case of Martin vs. White, 11 Mo. R. 214, the defendant, against whom judgment had been rendered, failed to appear when his case on appeal was called for trial on the trial docket; and the judgment of the justice was affirmed, though the action was on an open account. Although it may be doubted, whether this was strictly in accordance with the practice act, yet the party had his day in court. The judgment was not affirmed, because the appeal was not perfected.

VIII. The jury fee was paid into the hands of the clerk of the circuit court, at the April term, 1850, when the justice was required by law to file the return of the proceedings. The failure of the justice to perform his duty, prevented the appeal from being perfected at that term. At each term thereafter, the appellant examined for the return, and it was not left with the clerk. Although the appellants could have procured a rule to complete the return, yet they were not bound to do so, at any particular time, either by statute or rule of court. They had done all they were required to do by law. The appellee could have obtained the rule for a return, if he had wished to hasten the case to a termination. The appellants had done all they were required to do by statute to perfect the appeal, and failed only by the neglect of the officer appointed and required by the statute to do the duty imposed.

IX. The appellee, instead of requiring the justice, whom he had selected to try his suit, to do his duty under the statute, sec. 16, page 670, by rule to compel a return, in direct violation of the 12th sec. page 670, secretly gets a return and by paying the jury fee, files it, and the judgment is instantly affirmed. The rights of the appellants were thus sacrificed by reason of the illegal conduct of the justice.

1. If the affirmance is lawful, then the appellee would have had the same right, on the second, third or any other day of the April term 1850, to have filed the transcript, to have paid the jury fee and to have taken a judgment of affirmance.

X. The proceedings on appeals, are purely statutory, and in considering the question involved, it is submitted that this court is bound to construe the statute strictly, and to give full effect to every part thereof

Where the act concerning appeals, is silent as to the practice, when the appeal is perfected, the general practice act must govern so far as it is applicable: See Cail vs. Pratte & Calbaune, 9 Mo. 163.

XI. It is insisted, that by the statute, we are entitled, *if our appeal has been perfected, by the payment of the jury fee,* by appellee, *to a trial on the merits,* unless we are in default when our case is regularly called on the docket, If our appeal has not been perfected by the payment of the jury fee by the appellee, then our appeal was not in the court below, and there was no authority to affirm the judgment.

XII. It is insisted by plaintiff, that the 16 section of the act concerning costs, p. 244, sec. 16, "authorizes the affirmance of the judgment in this case." Defendants insist, that they had prosecuted their appeal, so far as they were bound to, by any practice or statute of the court.

DAYTON, for respondent.

1. The judgment of the justice was properly affirmed by the circuit court.
The act of 1845, concerning costs, Rev. Code of 1845, sec. 16, provides, that where an ap-

. peal from a justice shall not be prosecuted by the appellant according to law; the judgment shall be affirmed.

The act of 1847 "to promote the payment of jurors in St. Louis county," page 68, sec. 3, acts of 1847, declares among other things, that on the filing of any appeal from a justice of the peace to either the St. Louis circuit court or court of common pleas, the clerk shall receive from the appellant one dollar as a jury fee.

The act of 1845, concerning justices' courts, Rev. Code of 1845, page 669, art. 8, sec. 15, declares that "upon an appeal being made and allowed, the circuit court may, by rule and attachment, compel a return by the justice of his proceedings in the suit and of the papers required to be by him returned." The twelvth section says: "Justices shall file transcript, &c., on or before the first day of the court next after the allowance of the appeal."

The appellants in this case never filed any transcript at all, and never took any steps to cause one to be filed. They knew all along, or their counsel did, as he states in his affidavit, that none had been filed, up to some day subsequent to the final day of the third term of the circuit court after the appeal was allowed.

The counsel says, that at the same time during the first term (but at what time he does not say) he left with the clerk of the circuit court the jury fee, but he took care to get it back before the term closed, as his affidavit also shows, and never paid it again. This matter, concerning the jury fee, was all the diligence ever used by the appellants or their counsel in prosecuting their appeal after it was taken.

The plaintiff, himself, after waiting upon the defendants more than a year, filed a transcript and got an affirmance of his judgment in the circuit court, agreeably to a practice long established in that court and the court of common pleas.

The judgment of affirmance is in the usual form, and the same that was observed in the case of Hardison vs. S. B. Cumberland Valley, decided by this court at the March term 1850, 13 Mo. 226. That case, indeed, settles this question, that the judgment of affirmance &c., in this case was legal and proper.

2. The motion to set aside the judgment of affirmance was properly overruled. No sufficent reason was shown for sustaining the motion. On the contrary, there was gross negligence on the part of the appellants, as shown by the affidavit of their counsel. They could easily have perfected their appeal, but took no steps to do so: See case in 13 Mo. R. 226, above cited.

The affidavit does not even show, that the defendants had merits in respect to their defence. The counsel says he was informed, and believes it to be true, that they had a good and substantial defence on the merits, but he does not state who informed him or what reason he had for believing it. Such an affidavit is entirely inadequate to show merit. See Le Compte vs. Wash, 4 Mo. R. 557; Menhum vs. Judy, 4 Mo. R. 361; Elliott Leake, 4 Mo. R. 540.

RYLAND, J., delivered the opinion of the court.

This case comes fully within the principles decided by this court in the case of Hardison vs. steamboat Cumberland Valley. It involves the authority of the circuit court to affirm a judgment of a justice of the peace, on which an appeal has been taken, but in which the appellant had omitted to have the transcript of the justice filed, either by attending to it himself or by causing the justice of the peace to file it.

It appears, in this case, that the appellants' counsel had paid to the clerk of the court, at the beginning of the term to which the appeal was taken, the jury fee, but had received it back again at the end of the term.

About a year after the appeal was taken, the appellee, below, filed in the circuit court, a transcript of the record and proceedings, had before the justice of the peace, paid the jury fee and moved the court to affirm the judgment, and the court sustained said motion.

This act of the court is the cause of complaint before us. We shall not disturb the judgment below. This case falls fully within the decision made by this court in the above case of Hardison vs. steamboat Cumberland Valley, 13 Mo. R. 226, to which we refer for the settlement of the case.

It will not answer, for the appellants to content themselves by looking, at each term, at the calendar of the cases set for trial, and finding no trace of their appeal, to do nothing further.

They knew, when they made the application for the appeal, whether it was granted them or not; and not finding any notice of it on the docket, their remedy was to apply for a rule on the justice: See § 15 art. VIII, Justices' Courts, Digest 1845, page 670.

"Upon an appeal being made and allowed, the circuit court may, by rule and attachment, compel a return, by the justice, of his proceedings in the suit, and of the papers required to be by him returned."

The appellants had but to make their motion to the court, had they been anxious to have a trial anew, and they could have compelled the justice to file the appeal: but, to await for a year, without doing any thing more than to pay the jury fee at first, and then take it back, and to watch the docket, and see if the appeal had been filed, is not that kind of diligence favored by the law. The other judges concurring, the judgment below is affirmed.